(January 7, 2016)

■ G2 FMV, LLC, Appellant, v PATRICK J. THOMAS, Respondent. [24 NYS3d 235]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 14, 2015, which, insofar as appealed from as limited by the briefs, granted defendant's motion for partial summary judgment on liability on his counterclaim for contractual indemnification to the extent that it sought indemnification for, and advancement of, reasonable attorney's fees and expenses incurred, and to be incurred, by defendant in pursuing his personal claims against plaintiff after an October 2014 hearing on the motions, and denied plaintiff's motion for partial summary judgment dismissing that part of the counterclaim, unanimously affirmed, with costs.

Plaintiff, a Delaware limited liability company (LLC), is the parent of a finance company of which defendant was the chief operating officer. Plaintiff's Operating Agreement provided defendant with certain membership units (the Units). After defendant's resignation, plaintiff brought this action seeking declarations as to whether the resignation was with "Good Cause," which would have triggered the vesting of the Units, whether the Units had vested, and whether plaintiff was required to purchase the Units at fair market value under the terms of its Operating Agreement. Defendant then asserted counterclaims seeking, among other things, declaratory relief mirroring plaintiff's request for such relief, breach of contract for plaintiff's failure to purchase the Units at fair market value, and indemnification. Plaintiff has since conceded that defendant resigned with "Good Cause" and may require plaintiff to repurchase the Units at fair market value. Plaintiff, however, asserts that defendant cannot recover attorney's fees and expenses that relate to his effort to force plaintiff to repurchase his membership units. According to plaintiff, such efforts arise out of counterclaims that are purely personal to defendant and Delaware law precludes indemnification for such claims. We disagree.

The Operating Agreement, which is governed by Delaware law, contains a comprehensive indemnification provision requiring plaintiff to indemnify members of the company "from and against any and all . . . expenses . . . arising from all claims . . . in which the Indemnified Party may be involved . . . as a result of its status as" a member of the company. The provision also requires plaintiff to advance indemnified costs and fees prior to the final disposition of any such claim.

The motion court properly found that the indemnification

provision at issue was broad enough to encompass claims brought by members of plaintiff, such as defendant. The indemnification provision expressly applies "regardless of whether any . . . [claim or action] is brought by a third party, a Member, or by or in the right of the Company." Where, as here, "the language of a . . . contract is clear and unequivocal, a party will be bound by its plain meaning" (*Seaford Golf & Country Club v E.I. duPont de Nemours & Co.*, 925 A2d 1255, 1261 n 14 [Del 2007] [internal quotation marks omitted]).

Indemnification for defendant's personal claims (that is, claims that solely involve defendant's personal interests) is not precluded by Delaware law, which provides LLCs with "the power to, indemnify and hold harmless any member or manager or other person from and against any and all claims and demands whatsoever" (Del Code Ann, tit 6, § 18-108). Indemnification, in this case, is not governed by Delaware's General Corporation Law (Del Code Ann, tit 8, § 145 [a]; *compare Shearin v E.F. Hutton Group, Inc.*, 652 A2d 578, 594-595 [Del Ch 1994] [the plaintiff could not seek indemnification from a corporation since her claims served to advance only her personal interests and were not brought as part of her fiduciary duties], *and Gentile v SinglePoint Financial, Inc.*, 787 A2d 102, 108 [Del Ch 2001] [same]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.